St. Paul's P. E. Church *v.* Giraud & Lewis et al.

*Where, by the terms of a contract, a certain amount is due to the contractors, sub-contractors and material men are entitled to be paid out of that amount on service of their attested accounts, although the contractors fail afterwards to comply strictly with their agreement. The proper test in such a case is : had the contractors complied with the stipulations up to the time of the falling due of the installments for which the sub-contractors and material men had served their attested accounts?*

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *L. C. & G. B. Duncan, James McConnell, C. Roselius* and *P. E. Bonford*, for plaintiff and appellant. *J. B. & C. T. Bemiss, T. W. Collens, Cyprien Dufour, Walker & Pierce* and *Z. Latour*, for defendant.

Voorhies, J. The Congregation of St. Paul's Protestant Episcopal Church contracted, on the 7th day of May, 1853, with *Giraud & Lewis*, for the erection of their church edifice at the corner of Camp and Bartholomew streets, in the city of New Orleans. The basement was to be completed by the first day of October of the same year,—the church for worship, by the first day of January of the ensuing year,—and the whole church by the first day of March,—under a penalty of $20 *per diem.* The contractors having failed to comply with their contract, were put in default by the plaintiffs, and thereupon abandoned the enterprise.

In the meantime, sub-contractors and material men had served their attested accounts upon the congregation, who, therefore, retained in their hands the sum of $3000 due to *Giraud & Lewis* under the contract. The present suit was then instituted by the plaintiffs, who were proceeding to have the building completed by other persons ; and they made parties to these proceedings the contractors, *Giraud & Lewis*, against whom a claim for damages is preferred,—and the sub-contractors and material men, whose claims are questioned as regards the plaintiffs.

The defence is, that the cause of the default of the contractors must be traced to an uncontrollable event,—the epidemic of the year 1853 ; that they were in law entitled to further time to complete the building ; and that the refusal of the plaintiffs to extend further time, and their neglect to make payments, have compelled the contractors to abandon the contract. Then follows a plea in reconvention for damages. The other defendants,—the sub-contractors and material men,—join in this answer, and claim to be paid the amount of their several claims out of funds in the plaintiffs' hands, and to have their privilege recognized.

Upon a careful examination of the facts of this case, we have come to the same conclusion as the Judge of the District Court. The plaintiffs have not proven any damages beyond those covered by the stipulations of the contract. On the other hand, the evidence shows that, at the time of the service of the claims of the sub-contractors and material men, there was due the contractors, under the contract, the sum of $3000 ; out of these funds, these parties are entitled to be paid rateably. Under the contract, this amount was due ; and, although it be true that they cannot claim any thing beyond the contract, yet they are entitled to claim whatever was, at the time, due under the contract.

The evidence does not substantiate the averment that, owing to the difficulties thrown in the defendants' way by the prevalence of the yellow fever, they could

St.Paul's Church<br>v.<br>Giraud.

not comply with the stipulations of the contract. The want of funds may have had, and probably had that effect; but it appears that the plaintiffs complied litterally with their stipulations as long as *Giraud & Lewis* were prosecuting their work; the sum of $3000 was retained by them, because the sub-contractors had served their attested accounts.

The price stipulated to be paid to *Giraud & Lewis*, under the contract, was the sum of $35,500. The building was completed for the sum of $35,875, including the sum previously paid, of $17,599; but the real amount chargeable to the contractors under the terms of the contract is $14,980, which leaves a balance of $2,931 in their favor. But this amount must be deducted from that which they owe to the plaintiffs as damages, say $6,380, leaving a balance against them of $3,449. For this amount, judgment was rendered in the court below.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.

---

### Same Case—On a Re-hearing.

Voorhies, J. The decision of the court in this cause does not come in conflict with the ruling in *Hale* v. *Wills*, 3 An. 504, as the two cases do not present the same state of facts.

When *Giraud & Lewis* abandoned their contract, the item of $3000 was due under the contract, and the right of the sub-contractors and material men had already attached. The subsequent failure of the contractor cannot prejudice their claims. It is true that the plaintiffs obtain judgment against the defendants, *Giraud & Lewis;* but it must be borne in mind, that the church was completed according to the contract, leaving a balance in favor of the contractors, and that this amount was more than compensated by the damages, which were the result of the abandonment. It is evident, then, that at the time of the abandonment of the contract, there was really due, under the contract, the amount awarded to the sub-contractors and material men. The latter are not dependent on the future event of a strict compliance, on the part of the contractor, with the terms of the contract. The proper test is : had the contractor complied with the stipulations at the time of the falling due of the installment, for which the sub-contractors and material men had served their attested accounts?

This was the case with the defendants in the present instance. The plaintiffs' liability had, therefore, attached.

The court had overlooked the fact that the plaintiffs were, under the contract, entitled to a deduction of ten per cent. on the item in question. This error must now be rectified.

It is, therefore, ordered, that the judgment of this court be amended, so as to reduce to the sum of two thousand seven hundred dollars the item of three thousand dollars allowed to the sub-contractors and material men; that, in all other respects, the judgment of the District Court be affirmed, the said appellees paying the costs of appeal.